**FILED**
U.S. District Court
District of Kansas

AUG  5 2015

Clerk, U.S. District Court
By_____*Cm*_____Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(Wichita Docket

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 14-10176-01-EFM |
| RAMON PEREZ-RIVERA, | |
| Defendant. | |

## PLEA AGREEMENT

The United States of America, by and through Brent I. Anderson, Assistant U.S.

Attorney, and the defendant, Ramon Perez-Rivera, personally and by and through his counsel,

David J. Freund, assistant federal defender, hereby enter into the following Plea Agreement

pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure:

1.      **Defendant's Guilty Plea.** The defendant agrees waive indictment in writing and

to plead guilty to Counts 1, 2 and 3 of the ~~superseding~~ second information, which charges violations of

42 U.S.C. § 408(a)(8), unlawful disclosure of a of Social Security account number (Count 1); 18

U.S.C. § 1546(a), possession of unlawfully obtained documents (Count 2); and 8 U.S.C. §

1326(a), unlawful re-entry after having been denied admission (Count 3).  By entering into this

Plea Agreement, the defendant admits to knowingly committing these offenses, and to being

guilty of them.  The defendant understands that the maximum sentence which may be imposed as

to Count 1 of the superseding information to which he has agreed to plead guilty is not more than

five years of imprisonment, a $250,000 fine, three years of supervised release, and a $100

mandatory special assessment; for Count 2, not more than 15 years of imprisonment, a $250,000

1

fine, three years of supervised release, and the $100 special assessment; and for Count 3, not more than two years of imprisonment, a $250,000 fine, one year of supervised release, and a $100 special assessment.

2.      **Factual Basis for the Guilty Plea.** The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

> **Count 1, 42 U.S.C. § 408(a)(8)(B), unlawful disclosure of a Social Security account number:** On June 29, 2012, in Kansas, the defendant knowingly, in violation of federal law, disclosed the Social Security account number belonging to TAP, such number ending in 8288, by writing the same on a passport application.

> **Count 2, 18 U.S.C. § 1546(a), possession of unlawfully obtained documents:** On July 19, 2011, in Kansas, the defendant knowingly and intentionally possessed a state of California-issued birth certificate not issued to him, but which he wrongfully obtained, in connection with his obtaining of a Kansas driver's license. A state-issued birth certificate, when possessed by the person to whom it refers and was lawfully issued, is prescribed by statute and regulation as evidence of authorized stay or employment in the United States.

> **Count 3, 8 U.S.C. § 1326(a), unlawful re-entry after having been denied admission:** On August 5, 1980, the defendant, a citizen of Mexico who is not a citizen or national of the United States, was denied admission into the United States at Los Angeles, California, International Airport, as is documented in the defendant's U.S. immigration administrative file ("A-file"). Then, on May 29, 2014, the defendant was found in the United States, in Kansas, having not obtained the permission or consent of the Attorney General or Secretary of Homeland Security to re-apply for admission to the United States or to otherwise be present in the United States.

3.      **Government's Agreements.** In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees:

(a)      to move to dismiss, at the time of sentencing, the Indictment herein;

(b)      to not file any additional charges against the defendant arising out of the facts forming the basis for the present Indictment and Superseding Information;

(c)      to recommend maximum credit for acceptance of responsibility.

2

The United States' obligations under this Paragraph are contingent upon the defendant's continuing to manifest an acceptance of responsibility. If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct the Court determines to be true, willfully obstructs or impedes the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempts to do so), or has engaged in additional criminal conduct, the United States reserves the right to petition the Court for a hearing to determine if he has breached this Plea Agreement.

If the Court finds by a preponderance of the evidence that the defendant (1) has breached or violated this Plea Agreement; (2) has willfully obstructed or impeded the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempted to do so); (3) has engaged in additional criminal conduct; or (4) has otherwise failed to adhere to this Plea Agreement's terms, the United States shall not be bound by this Paragraph, and may pursue any additional charges arising from the criminal activity under investigation, as well as any charges for any perjury, false statement, or obstruction of justice that may have occurred.

If the Court finds the defendant has violated this Plea Agreement, he understands and agrees that all statements he made, any testimony he gave before a grand jury or any tribunal, or any leads from such statements or testimony, shall be admissible against him in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 401, or any other federal rule that pertains to the admissibility of any statements he made subsequent to this Plea Agreement.

4.    **Defendant's Additional Agreement.** In addition to the defendant's agreement to plead guilty as set out in this plea agreement, he also agrees that he will not use the name, date of birth, place of birth or any other information related to the person whose identity he has been

3

using, that of the person whose initials are T.A.P, and further agrees not to seek any governmental benefit of any kind while in the United States unless expressly authorized by law to do so.

5. **Proposed (c)(1)(C) Sentence.** The parties propose, as an appropriate disposition of the case, a sentence of time served on each of counts 1, 2, and 3 of the superseding information and three years of supervised release; no fine, and the mandatory special assessment of $300 ($100 for each count) to be paid during the term of defendant's supervised release. The parties seek this binding plea agreement as an appropriate disposition of the case because it brings certainty to the sentencing process and assures the defendant and the government will benefit from the bargain they have struck if the Court permits itself to be bound by the proposed sentence; the interests of justice are served by the sentence, thereby assuring that the sentence is consistent with the sentencing factors of 18 U.S.C. 3553(a); and if the Court does not agree with the sentence, the parties may be restored to the positions they maintained prior to reaching this plea agreement.

6. **Application of the Sentencing Guidelines.** The parties are of the belief that the proposed sentence does not offend the now advisory sentencing guidelines, but because this proposed sentence is sought pursuant to Fed.R.Crim.P. 11(c)(1)(C), the parties are not requesting imposition of an advisory guideline sentence.

7. **Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $100 per count of conviction will be entered against him at the time of sentencing.

8. **Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed herein, including

4

the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release. The defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal the conviction and sentence imposed. The defendant also waives any right to challenge his sentence, or the manner in which it was determined, or otherwise attempt to modify or change his sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court departs upwards from the sentencing Guideline range that the Court determines to be applicable. However, if the United States exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a). Notwithstanding the forgoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

9. **FOIA and Privacy Act Waiver.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552. The defendant further waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to this case.

10. **Full Disclosure by United States.** The defendant understands the United States will provide to the Court and the United States Probation Office all information it deems relevant

5

to determining the appropriate sentence in this case. This may include information concerning his background, character, and conduct, including the entirety of his criminal activities. The defendant understands these disclosures are not limited to the count to which he is pleading guilty. The United States may respond to comments he or his attorney makes, or to positions he or his attorney takes, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this Plea Agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the Court and the United States Probation Office.

11.     **Deportation Consequences.** The defendant recognizes that pleading guilty may have consequences with respect to his immigration status, since he is a citizen of Mexico and not a citizen or national of the United States. Under federal law, a broad range of crimes are removable offenses. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including his attorney or the Court, can predict to a certainty the effect of his convictions on his immigration status. Defendant nevertheless affirms that he wants to plead guilty, regardless of any immigration consequences that his plea may entail.

12.     **Parties to the Agreement.** The defendant understands this Plea Agreement binds only him and the United States Attorney's for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

13.     **No Other Agreements.** The defendant has had sufficient time to discuss this case, the evidence, and this Plea Agreement with his attorney and he is fully satisfied with the advice and representation his attorney provided. Further, the defendant acknowledges that he has read the Plea Agreement, understands it, and agrees it is true and accurate and not the result

6

of any threats, duress or coercion.  The defendant further understands that this Plea Agreement supersedes any and all other agreements or negotiations between the parties, and that this Plea Agreement embodies each and every term of the agreement between the parties.

14.    **Defendant's Acknowledgment.**  The defendant acknowledges that he is entering into this Plea Agreement and is pleading guilty because he is guilty.  He further acknowledges that he is entering his guilty plea freely, voluntarily, and knowingly.


Brent I. Anderson
Assistant United States Attorney

Date:_____8-5-2015_____


Debra Barnett
Wichita Criminal Coordinator

Date:_____8-5-2015_____


Ramon Perez-Rivera
Defendant

Date:_____8/5/2015_____


David J. Freund
Assistant Federal Defender
Counsel for Defendant

Date:_____5 August 2015_____

7